JAP:LXN

**M-10-168**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

  - against -

PETER GONYO,

          Defendant.

- - - - - - - - - - - - - - - -X

AFFIDAVIT AND COMPLAINT
IN SUPPORT OF AN ARREST
WARRANT

M. No._____
(18 U.S.C. § 2252(a)(2))

EASTERN DISTRICT OF NEW YORK, SS.:

      Thomas Thompson, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation (the "FBI"), duly appointed according to law and acting as such.

      On or about and between September 30, 2009 and February 3, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant PETER GONYO did knowingly receive and distribute any visual depiction, the production of such visual depiction having involved the use of one or more minors engaging in sexually explicit conduct and such visual depiction was of such conduct, using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce or which contains materials which have been mailed or so shipped or transported, by any means including by computer.

      (Title 18, United States Code, Section 2252(a)(2)).

The source of my information and the grounds for my belief are as follows:[1]

1. I have been a Special Agent of the FBI since December 2004, and am currently assigned to the New York Office. Since September 2007, I have been assigned to the Crimes Against Children squad. I have been assigned to investigate violations of criminal law relating to the sexual exploitation of children. I have gained expertise in this area through training in classes and daily work related to conducting these types of investigations. As part of my responsibilities, I have been involved in the investigation of numerous child pornography cases and have reviewed thousands of photographs depicting children (less than eighteen years of age) being sexually exploited by adults. Through my experience in these investigations, I have become familiar with methods of determining whether a child is a minor. I am also a member of the Eastern District of New York Project Safe Childhood Task Force.

2. I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography. Additionally, statements attributable to individuals

---

[1] Because the purpose of this complaint is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

herein are set forth in sum and substance and in part.

## THE FBI INVESTIGATION

3. On September 30, 2009, an FBI Special Agent working in an undercover capacity (the "Undercover Agent"), signed in to a publicly available P2P file sharing program via an Internet connected computer located within the FBI Chicago Division. The Undercover Agent memorialized the session by intermittent video capture using the software program Camtasia. Camtasia is a screen video capture program that is used to copy activity from a user's computer screen and store that activity in the form of video or image files. In addition, any download activity was monitored via a network monitoring program.

4. Upon signing in to the publicly available P2P file sharing program, the Undercover Agent observed that the user "Crzyboi6969" was online. The Undercover Agent proceeded to browse "Crzyboi6969"'s shared directories and observed files depicting images of child pornography and video titles indicative of child pornography.

5. The Undercover Agent downloaded one hundred forty-two (142) files from "Crzyboi6969," and a later review of these files revealed that one hundred thirty-eight (138) of them appeared to be child pornography[2]. Several of these images, which are

---

[2] Although still images of apparent child pornography can be created using "morphing" technology and the identity of these minors are not known to law enforcement (i.e., the identity and age of the children have not been discovered by law enforcement), it appears that these images involve the use of actual (i.e., non-virtual) minors engaging in sexually explicit conduct. This conclusion is also based upon my consultation with other agents

available for the Court's review, are described as follows:

      a)    -!! **Boysuk11.jpg** is a photo of two partially clothed prepubescent boys, approximately seven years old, with their legs spread open, exposing their genitalia.

      b)    !!!!!!!!!!!!!!!**adult18-08(5).jpg** is a photo depicting an adult male's penis inside the mouth of a prepubescent boy, approximately six years old.

      c)    !**03SD.jpg.jpg** is a photo depicting an adult male's penis inside the mouth of a prepubescent boy, approximately six years old. The boy is nude on a bed and on his knees. The adult male's head is also on the back of the boy's head.

      d)    !!!**F 0555.jpg** is a photo of a nude prepubescent boy, approximately eight years old, sitting on top of a nude adult male. The adult male's penis is in between the boy's buttocks.

      6.    The Undercover Agent used the network monitoring program to identify the IP address utilized by "Crzyboi6969" as 67.244.91.40, registered to Time Warner Cable.

      7.    Records obtained for the subscriber and account information for the IP address 67.244.91.40 revealed that this IP

---

experienced in determining whether child pornography images depict real children. In addition, based upon my experience in child pornography investigations, I have found that collectors of child pornography generally have in their collections both images which depict children known to law enforcement and images in which the identities of the children depicted are not yet known to law enforcement. Moreover, where, as here, an individual is a member of a hardcore pedophile/child pornography chat room which is not accessible by casual web-browsing, the likelihood that such an individual is in possession of child pornography depicting real children is extremely high.

address was registered to Time Warner Cable, an Internet Service Provider ("ISP"). Records obtained from Time Warner Cable by administrative subpoena showed that this IP address was subscribed to by "Peter Gonyo." The address associated with Peter Gonyo is 3546 29th Street, 3rd Floor, Long Island City, New York 11106 ("Subject Premises").

8. On or about February 3, 2010, FBI agents conducted a search, pursuant to a warrant, of the Subject Premises. They recovered a Toshiba laptop computer and a Seagate Free Agent external hard drive from the premises. A preliminary forensic examination of that hard drive was completed on February 15, 2010. The examination revealed that the hard drive contained over 3400 images of child pornography. For example, the following images were found on the hard drive: (1) -!! Boysuk11.jpg, (2) !!!!!!!!!!!!!!adult18-08(5).jpg, (3) !03SD.jpg.jpg, and (4) !!!F 0555.jpg, which have been described above. In addition, at least 1000 video files containing child pornography were stored in the folder "Vids," including some with infants and bondage.

9. On or about February 3, 2010, I interviewed PETER GONYO, who resides at the Subject Premises. GONYO admitted that he had used GigaTribe to download and share child pornography, and that his user name was "Crzyboi6969." He stated that the external hard drive recovered by the agents belonged to him.

WHEREFORE, your affiant respectfully requests that the Court issue an arrest warrant for the defendant PETER GONYO so that he may be dealt with according to law.

*[signature]*
Thomas Thompson
Special Agent - FBI

Sworn to before me this
22nd day of February, 2010

THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK